IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL PINTAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:13-127 |
| | ) |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 11 and 16). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 12 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion (Docket No. 16) is granted and Plaintiff's Motion (Docket No. 11) is denied.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. Plaintiff protectively filed an application for DIB on or about March 12, 2010. His date last insured, for DIB purposes, was December 31, 2009. (R. 87, 171-172). In his application, he alleged that since June 16, 2005, he had been disabled due to bipolar disorder, a sleeping disorder, an eating disorder,

Hodgkin's lymphoma, and depression. (R. 87, 157-63, 182). Administrative Law Judge ("ALJ") Joanna Papazekos held a hearing on July 21, 2011, at which Plaintiff was represented by counsel. (R. 21-74). Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. In a decision dated September 1, 2011 (R. 87-99), the ALJ found that no jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 93). The ALJ further found, however, that Plaintiff's substance abuse disorder was a contributing factor material to the determination of disability because Plaintiff would not be disabled if he stopped the substance use. (R. 99). Because the substance use disorder was a contributing factor material to the determination of disability, Plaintiff was not disabled under the Act. (R. 99). Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on March 7, 2013, the Appeals Council denied Plaintiff's request for review. (R. 1-6). Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 16). The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to

resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.

20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.   WHETHER THE ALJ ERRED IN HER STEP 3 ANALYSIS**

Citing Social Security Ruling 96-6p, Plaintiff cursorily argues that the ALJ erred in conducting her Step 3 analysis by failing to secure a state agency psychological assessment when determining whether Plaintiff met or equaled any of the Listings set forth in 20 C.F.R. pt. 404, subpt. P, app. 1. Pl.'s Br. [ECF No. 12] at 21. Plaintiff contends that the only state agency psychological consultant of record failed to render an assessment due to insufficient evidence, but that Plaintiff subsequently developed the record with such evidence necessitating further review. Id. (citing Exhibit 14F, R. 758-770). I disagree that the ALJ erred in this regard.

In order to qualify for benefits at step three of the sequential evaluation process, a claimant must meet or equal a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). At step three, the burden is on the claimant to present medical findings that show his or her impairment matches a listing or is equal in severity to a listed impairment. Burnett v. Comm'r of Soc. Sec. Adm'n., 220 F.3d 112, 120 n.2 (3d Cir. 2000). Although an ALJ generally is required to consider the reports of State agency medical consultants in assessing these issues, there is no requirement that the ALJ must always receive an updated report from State medical

experts whenever new evidence is available.  Wilson v. Astrue, 331 F. App'x 917, 919 (3d Cir. 2009) (citing 20 C.F.R. § 404.1527(f)(2)).  Rather, the ALJ is required to obtain an updated report only when "additional medical evidence is received that in the opinion of the administrative judge . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of impairments." Id. (quoting S.S.R. 96-6p); see also Gist v. Barnhart, 67 F. App'x 78, 82 (3d Cir. 2003).  The ultimate determination of whether an individual's impairments meet or equal a listed impairment is reserved to the Commissioner alone.  See 20 C.F.R. § 404.1527(d)(2); S.S.R. 96-5p; S.S.R. 96-6p.

Here, Plaintiff correctly notes that State agency medical consultant Sharon Becker Tarter did not complete her assessment in connection with Plaintiff's 2010 DIB application because there was insufficient evidence for the period prior to Plaintiff's date last insured in the file.  (R. 758-770).  The record does contain, however, a mental residual functional capacity assessment and psychiatric review technique form ("PRTF") completed by state agency consultant Manella Link, Ph.D., on April 2, 2007, during the relevant time period in connection with a prior application. (R. 403-418).  Dr. Link reviewed the same listings at issue in Plaintiff's instant application (Listings 12.04, 12.06, 12.09) and opined that Plaintiff did not meet or equal any of those listings. Id.

As set forth in Social Security Ruling 96-6p, a completed PRTF in the record ensures that consideration by a medical or psychological consultant has been given to the question of medical equivalence.  Although the ALJ does not cite directly to Dr. Link's opinions, his findings are consistent with those opinions.  Plaintiff does not argue that Dr. Link's opinions are in any way improper or irrelevant, and, indeed, even cites to Dr. Link's report in support of his other arguments on appeal.  See, e.g., Pl.'s Br. [ECF No. 12, at 24] (citing R. 405, 418).  Plaintiff also fails to point to any subsequent medical evidence that is inconsistent with the ALJ's step three

findings or that might have changed Dr. Link's findings regarding equivalency. Absent such evidence, the ALJ was not required to seek an updated report from State consultants. See Wilson, 331 F. App'x at 919 (no requirement to obtain updated report where Plaintiff could point only to a generalized concern that the medical experts did not have a complete evidentiary record); see also Simon v. Astrue, Civil Action No. 09-5523, 2010 WL 4269607, at *3 (E.D. Pa. Oct. 28, 2010) (because no reasonable question on medical equivalence existed for a medical expert to address, the ALJ was under no obligation to consult such an expert); Cordovi v. Barnhart, No. Civ. A. 03-3742, 2005 WL 3441222, at *3 (E.D. Pa. Dec. 14, 2005).

In short, Plaintiff has not pointed to any evidence in the record that contradicts the ALJ's step three findings or suggests that a judgment of medical equivalence would be reasonable. Moreover, substantial record evidence supports the ALJ's conclusion that Plaintiff did not meet or equal the listings at issue for the reasons well explained in the ALJ's opinion. Under these circumstances, it was unnecessary for the ALJ to obtain an updated medical opinion, and Plaintiff's arguments to the contrary are without merit.

### C.    **WHETHER THE ALJ PROPERLY APPLIED THE APPLICABLE LAW REGARDING SUBSTANCE ABUSE**

Plaintiff's primary argument is that the ALJ erred in determining that alcohol use materially contributed to his disabling condition. Pl.'s Br. [ECF No. 12] at 21-24. On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996 which, in part, amended the SSA to preclude recovery of benefits by a person whose alcoholism or drug addiction contributes to his or her disabling condition. See Pub. L. No. 104-121, §§ 105(a)(1), (b)(1), 110 Stat. 847, 852-53 (1996) (codified as amended at 42 U.S.C. § 423(d)(2)(C) (1998)); see also Torres v. Chater, 125 F.3d 166, 169 (3d Cir. 1997). The amendment provides that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this

subparagraph) be a contributing factor material to the determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The "key factor" that the ALJ should use in determining whether alcoholism is a contributing factor material to the determination of a disability is whether Plaintiff would still be found disabled if he stopped drinking alcohol. 20 C.F.R. § 404.1535.

In making this determination, the ALJ should evaluate which of Plaintiff's current physical and mental limitations, upon which the current disability determination is based, would remain if Plaintiff stopped using alcohol. Id. Then, the ALJ should determine whether any or all of Plaintiff's remaining limitations would be disabling. Id. If the ALJ determines that Plaintiff's remaining limitations would not be disabling, then the ALJ should find that the alcoholism is a contributing factor material to the determination of disability. Id. If the ALJ determines that Plaintiff's remaining limitations are disabling, then Plaintiff is disabled independent of the alcoholism, and the ALJ should find that the alcoholism is not a contributing factor material to the determination of disability. Id. According to Emergency Teletype EM-96200 (an internal guideline generated by the Social Security Administration's Office of Disability and sent to all hearing offices on August 30, 1996), "[w]hen it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." McGill v. Comm'r of Social Security, 208 F. App'x 50, 52 (3d Cir. 2008) (quoting EM-9620).

Here, the ALJ found that Plaintiff has "alcohol abuse, hypothyroidism, status post Hodgkin's lymphoma, alcoholism-induced cirrhosis, depression, and anxiety" that are severe impairments within the meaning of the regulations. (R. 89). The ALJ further found that "[c]onsidering Plaintiff's age, education, work experience, and residual functional capacity based on all of the impairments, including the substance use disorder, there are no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (R. 93). The ALJ

7

ultimately concluded, however, that if Plaintiff stopped the substance use, considering his age, education, work experience, and RFC, "there would be a significant number of jobs in the national economy that [he] could perform." (R. 98). Because Plaintiff's substance use disorder was "a contributing factor material to the determination of disability," the ALJ found that he was not disabled within the meaning of the Act. (R. 99).[1]

Plaintiff argues that the ALJ erred in her analysis because the medical evidence of record separates the limitations and pinpoints the non-substance mental health problems as the disabling factors. Alternatively, Plaintiff argues that it is impossible to separate the limitations, directing a favorable finding. Pl.'s Br. [ECF No. 12] at 21-24. I disagree. After careful review of the record, there is substantial evidence to support the ALJ's finding that Plaintiff's limitations caused by alcohol abuse can be separated from his remaining limitations, and that the remaining limitations are not disabling.

In particular, the ALJ stated that although Plaintiff has not had any extended periods of sobriety, the treatment records show fairly normal mental status examinations while sober, as well as a good response to treatment when received. For example, the ALJ cited medical records showing that, after admission to the hospital heavily intoxicated in December 2005, Plaintiff responded quickly to treatment and demonstrated improved mood, stabilized affect, good ability to interact with others, and no further hallucinations once sober and compliant with medication.

---

[1] After considering all of Plaintiff's impairments including the substance use disorder, the ALJ found that Plaintiff had the residual functional capacity to perform light work, except that he was limited to simple, routine, and repetitive work; no public contact; no work as part of a team; no quota-based environment; job where productivity can be variable; no decision making as part of the job; and likely to have periods of decompensation of such frequency and severity as to miss work for several days at a time on a monthly basis. (R. 91). The ALJ found that if Plaintiff stopped the substance use, he would have the RFC to perform light work, except that he would need to have simple, routine, and repetitive work with no public contact and no work as part of a team; no quota-based environment; no work where he would have to keep up with a machine; production demand must be variable; and no decision making outside of fixed parameters. (R. 95). The primary difference between these two RFC findings is that Plaintiff would not suffer the same periods of decompensation absent the substance abuse.

R. 96 (citing Ex. 2F). At discharge, Plaintiff made good eye contact, had normal speech and behavior, demonstrated goal-directed thought process, fair insight, good judgment, and was oriented in time, place, and person. Id. In May 2005, treating psychiatrist Dr. Goodpastor listed no diagnosis except rule out alcohol abuse and dependence. Id. at 96 (citing R. 261, Ex. 1F). Records from Charles Romero, MD, show that he evaluated Plaintiff in June 2006, at which time Plaintiff reported that he had not had hallucinations during the period of time when he was in treatment for alcohol abuse. Id. (citing R. 949-951, Ex. 25F). Plaintiff also told consultative psychologist, Robert Craig, Ph.D., that he had hallucinations when he drank a lot and did not eat. Id. (citing R. 393-397, Ex. 6F).[2] In August 2010, Plaintiff entered treatment for alcohol abuse after hitting his head during an alcohol-related seizure, and, after completing the treatment, reported that the low dose of medication he took for anxiety helped. Id. at 97 (citing Exs. 17F, 19F, 22F). The ALJ also cited treatment records indicating a history of seizures related to alcohol and alcohol withdrawal, and noted that there was no record evidence of an underlying seizure disorder or seizures in the absence of alcohol use. Id. at 97-98. In addition to medical and treatment records, the ALJ pointed to Plaintiff's hearing testimony that his alcohol problems really started when he moved back to Oil City, which also is the period of time when he started to experience increased psychiatric symptoms. (R. 64, 97, 262).

In support of his position, Plaintiff points to one sentence in a three-page psychiatric evaluation by Dr. Yogesh Maru in December, 2005 that "it was difficult to tease out whether the symptoms [of depression and mood instability] are the cause or effect of alcohol." Pl.'s Br. at 23 (citing R. 275-312, 315). Taken in context, however, this sentence does not necessitate remand in this case. As Defendant correctly notes, Dr. Maru made this statement upon Plaintiff's

---

[2] Dr. Craig opined that Plaintiff had no limitations related to understanding, remembering, and carrying out instructions, and had slight to moderate limitations related to responding appropriately to supervisors, coworkers, and work pressures. R. 393-399 (Ex. 6F).

9

hospitalization for detoxification following a period of heavy drinking while not taking his medication. (R. 935-937, Ex. 24F; 314-316, Ex. 2F). This statement does not negate the other evidence cited by the ALJ showing that Plaintiff's other mental health symptoms improved with treatment and did not create disabling functional limitations absent his alcohol use. Indeed, as stated above, Dr. Maru noted in his discharge summary for that same hospitalization that Plaintiff's mood had improved, his affect stabilized, and he was no longer feeling sad, depressed or anxious. (R. 939-940, Ex. 24F; 311-313, Ex. 2F). Plaintiff showed good ability to interact with peers and staff, attended groups, and made statements about the negative consequences of substance use. Id.

As this Court has emphasized, the question is not whether a plaintiff's disability disappears when alcohol use is removed from the picture; but, rather, whether given the severity of the remaining limitations as shown by the medical and other evidence of record, the plaintiff is capable of performing substantial gainful activity available in the economy. See Davis v. Astrue, 830 F. Supp. 2d 31, 48-49 (W.D. Pa. 2011). Here, I find that substantial evidence in the form of medical reports, testimony, and other documentation, supports the ALJ's conclusion that absent the use of alcohol, Plaintiff would be able to perform a limited range of light work available in the economy that accommodated his depression, anxiety, and other remaining impairments. See, e.g., Davis, 830 F. Supp. 2d at 48-49; McGill, 288 F. App'x at 53. Accordingly, Plaintiff's request for reversal or remand on this point is denied.

### III.   CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDALL PINTAL,

    Plaintiff,

vs.

CAROLYN COLVIN, Acting Commissioner of Social Security,

    Defendant.

Civil Action No. 1:13-127

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 19th day of May, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment (Docket No. 16) is GRANTED, and Plaintiff's Motion for Summary Judgment (Docket No. 11) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge